PAUL N. APGAR, PLAINTIFF-APPELLANT, v. WEONA BUILDING AND LOAN ASSOCIATION OF EAST ORANGE, NEW JERSEY, A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLEE.

Argued October 2, 1934—Decided January 23, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the plaintiff-appellant, *Abraham M. Herman.*

For the defendant-appellee, *Marder & Okin (Aaron Marder,* of counsel).

BROGAN, CHIEF JUSTICE. The court below, on motion addressed to the complaint, struck out the complaint on the ground that it disclosed no cause of action. From the judgment entered thereon the plaintiff appeals.

The complaint contains four counts, the first of which alleges that the plaintiff was a non-borrowing stockholder in the defendant building and loan association and that on a given date his shares of stock had a withdrawal value of $644.55 which amount the defendant refused to pay. The second count is to the same effect with the addition that it is charged that a check for the amount of the withdrawal value was made out in favor of the plaintiff and that he was wrongfully induced and persuaded to endorse the check over to the order of the defendant. The third count alleges an indebtedness between the defendant and the plaintiff in the said sum and that by representations, consciously fraudulent

in fact on the part of the defendant, it induced the plaintiff to endorse over the check for the benefit of his wife concerning whom it was represented that she was indebted in a larger sum to the defendant, and that in consideration of such endorsement the defendant would forego suit against her. These representations the plaintiff believed and, in consideration thereof, endorsed the check over to the defendant. The fourth count is a repetition of the allegations of the third count and plaintiff further says that because of the fraud practiced upon him he has elected to rescind his endorsement of the check and demands his money on the debt theory pleaded in the third count.

A bill of particulars appears in the record but it is meaningless because the questions which are answered are not printed and therefore the answers are not understandable.

The motion to strike the complaint was urged on three grounds, the failure to give notice of withdrawal from the building and loan fund; the failure to state that the defendant has failed to apply its funds for withdrawal in accordance with the building and loan statute, and the failure to allege that the plaintiff is entitled to any withdrawal moneys under the regulations made by the commissioner of banking and insurance, pursuant to the building and loan statute. Courts of course are bound by the statutes but cannot take judicial notice of rules and regulations made by the commissioner of banking and insurance. These are not matters of common knowledge and, in order to receive the consideration to which they are entitled, must be pleaded.

The court below erred in striking out the third and fourth counts of the complaint. Clearly they state a cause of action. These counts on their face are neither sham nor frivolous and in considering a motion addressed to a pleading the trial court is bound to regard all the allegations, properly pleaded, where there is no proof to the contrary, and there was none here, as true, unless they are palpably false.

The judgment is reversed, and the case sent back for trial, costs to abide the event.